06cv3684 ADM/RLE

STATE OF MINNESOTA

COUNTY OF HENNEPIN

DISTRICT COURT

FOURTH JUDICIAL DISTRICT
CASE TYPE: OTHER-CIVIL

CASE NO. ________________

James Kinney, Kathleen Kinney, David Sternal, Natalie Sternal, James Wesley Hagen, Elizabeth Montgomery, Jack and Theresa Hennen, Troy Schmitz, Bonnie Schmitz, David Smith, David Harten, Sharon Harten, Phyllis Huber, Sonia Liedman, Mark Yost, Tom Mauren, Jan Emter, Roger Rymer, Nancy Alfredson Rymer, Daniel Denno, Tyrone Kindle, Mark Sportelli, Robert Denzer, Scott Hadden, Jason Larson, Vickie Sober, Alan and Michelle Stano, David Lord, Gary Schebo, Michelle King and Sean Nelson,

Plaintiffs,

v.

**COMPLAINT**

National Real Estate Assignments, LLC, a Minnesota limited liability company; Progressive Home Services, Inc., a Minnesota corporation d/b/a IPM Realty; Investment Properties of America, Inc., a Minnesota corporation; Joseph A. Cole; Jim W. Abbott; Geoffrey Thompson; Nancy Thompson and Chicago H&S Hotel Property, LLC, a Delaware limited liability company,

Defendants.

The Plaintiffs above-named, as and for their complaint against the above-named Defendants state and allege as follows:

**PARTIES**

1. Plaintiffs are residents of Minnesota residing in the counties of Hennepin, Anoka, Ramsey, Dakota, Sherburne, Washington, Scott, Marshall and Carver.






2. Defendant Progressive Home Services, Inc., is a Minnesota corporation d/b/a Investment Properties of Minnesota and IPM Realty ("IPM"). Upon information and belief, IPM has its principal place of business in the City of Brooklyn Park.

3. IPM is, upon information and belief, an alter ego of Defendants Joseph A. Cole, Jim W. Abbott and Geoff Thompson, and is a vehicle pursuant to which Cole, Abbott and Thompson furthered their fraudulent enterprise.

4. Upon information and belief, National Real Estate Assignments, LLC ("NREA") at all times relevant hereto was conducting business in Hennepin County, Minnesota as an alleged escrow agent for IPM.

5. Upon information and belief, Chicago H&S Hotel Property, LLC, a Delaware limited liability company ("H&S"), is the owner and developer of condominiums located at 71 East Wacker Drive, Chicago, Illinois (hereinafter referred to as "Hotel 71") for which IPM solicited investments from the Plaintiffs on behalf of and at the insistence of H&S.

6. Upon information and belief, Investment Properties of America, Inc. ("IPA") is a Minnesota corporation at all relevant times was conducting business in Hennepin County, Minnesota as an agent of IPM for investment in Hotel 71.

7. IPA is, upon information and belief, an alter ego of Defendants Geoff Thompson and Nancy Thompson.

8. Upon information and belief, at all relevant times Defendants Joseph A. Cole, Jim W. Abbott, Geoff Thompson and Nancy Thompson are individual residents of the State of Minnesota and they conduct business within Hennepin County (hereinafter referred to as the "Principals").

9. The fraudulent transactions identified below were directed toward individual and corporate entities residing within the County of Hennepin and/or took place within the County of Hennepin.

10. The venue is proper herein as the cause of action arose in Hennepin County and many Plaintiffs reside in Hennepin County.

11. Personal jurisdiction over the non-resident individuals and foreign corporations herein is proper pursuant to Minn. Stat. §543.19.

**FACTUAL BACKGROUND**

12. IPM held itself out as a Real Estate Investment Company, and advertised on the internet and radio and held seminars for the express purpose of inducing people to invest in its real estate investment schemes.

13. All the Plaintiffs above-named entered into an "AMP Plan Membership Agreement" with IPM. Pursuant to the AMP Plan Membership Agreement, Plaintiffs paid to IPM fees and, in return, were promised to receive all of the benefits derived from and in connection with their membership in the AMP Plan. Among other benefits of the AMP Plan, Plaintiffs were promised access to the Private Loan Program.

14. In this case, the Principals, IPM, and agents of IPM targeted the Plaintiffs and others through seminars, phone conversations, email communication and direct solicitation to cause them to enter into purchase agreements to acquire condominiums in Hotel 71.

15. H&S knew, or should have known, that IPM, IPA, the Principals, NREA and agents of IPM were targeting Plaintiffs and others to enter into purchase agreements to acquire condominiums in Hotel 71.

16. Upon information and belief, the Purchase Agreement form that was used by IPM, IPA, the Principals, NREA and agents of IMP was provided by H&S.

17. H&S, IPM, IPA, NREA and the Principals failed to provide the proper disclosures to the Plaintiffs as required by Chapter 765 of the Illinois Property Condominium Property Act.

18. H&S, IPM, IPA, NREA, the Principals and agents of IPM failed to deposit any earnest monies provided by the Plaintiffs in an interest-bearing escrow account with a federally-insured bank or savings and loan institution and also held by a licensed, bonded and insured escrow agent.

19. The investment scheme employed by IPM, IPA, Principals, NREA and the agents of IPM was deceptive and fraudulent in that as the agents of H&S they represented:

(a) that they had the ability to enter into valid purchase agreements to acquire the Hotel 71 condominiums from H&S;

(b) that the Purchase agreements and all other documents, including disclosures, necessary for the transaction satisfied Illinois and Minnesota law;

(c) that they explicitly represented that they possessed all of the necessary state licenses as required by Minnesota Statutes Chapter 83; and

(d) that all earnest monies would be promptly returned to the Plaintiffs at their request.

20. Upon information and belief, NREA has not held the earnest money in an interest-bearing account with a federally-insured bank or savings and loan institution as required by Illinois statutes, and IPM, IPA, Principals, NREA and H&S may now be in possession of Plaintiffs' earnest monies and have wrongfully failed to return the same to the Plaintiffs.

**COUNT ONE**
**AGAINST NREA, IPM, IPA, H&S AND PRINCIPALS**

21. Plaintiffs restate and reallege all preceding paragraphs as though fully set forth herein.

22. NREA, IPM, IPA, H&S and the Principals acted on behalf of the Plaintiffs in investing the Plaintiffs' money in Hotel 71.

23. NREA, IPM, IPA, H&S and the Principals had a fiduciary duty to exercise reasonable care, skill, and diligence in performing the transaction.

24. NREA, IPM, IPA, H&S and the Principals did not insure that the money entrusted to them went into an escrow account.

25. NREA, IPM, IPA, H&S and the Principals breached their fiduciary duty to the Plaintiffs and did not use reasonable care, skill, and diligence in performing the transaction.

26. As a direct and proximate result of NREA, IPM, IPA, H&S and the Principals' breach of fiduciary duty to the Plaintiffs, each Plaintiff has suffered damages reasonably believed to exceed $50,000.00.

**COUNT TWO**
**AGAINST NREA, IPM, IPA, H&S AND PRINCIPALS**

27. Plaintiffs restate and reallege all preceding paragraphs as though fully set forth herein.

28. NREA, IPM, IPA, H&S and Principals owed a duty to the Plaintiffs to make certain that all earnest monies were deposited for Plaintiffs benefit in an interest-bearing account with a federally-insured bank or savings and loan institution. NREA, IPM, IPA, H&S and Principals breached their duty to the Plaintiffs by failing to maintain the earnest monies in an

interest-bearing account with a federally-insured bank or savings and loan institution thereby causing each Plaintiff damage in an amount reasonably believed to be in excess of $50,000.00.

**COUNT THREE**
**AGAINST IPM, IPA, H&S AND PRINCIPALS**

29. Plaintiffs restate and reallege all preceding paragraphs as though fully set forth herein.

30. IPM, IPA, H&S, Principals and agents of IPM engaged in conduct in the course of providing services to the Plaintiffs that:

(a) caused a likelihood of confusion or misunderstanding as to the source or sponsorship of the services;

(b) advertised services with the intent of not to sell them as advertised; and

(c) engaged in conduct which created the likelihood of confusion or misunderstanding as to the purpose of the investment, who would be profiting from the investment, where the money is invested would be applied and other confusion and misunderstandings.

31. IPM, IPA, H&S, Principals and agents of IPM's conduct is a breach of the Uniform Deceptive Trade Practices Act. Minn. Stat. §325B.44.

32. As a result of the IPM, IPA, H&S, Principals and agents of IPM's deceptive trade practices, each Plaintiff has suffered damages reasonably believed to exceed $50,000.00.

**COUNT FOUR**
**CLAIMS AGAINST NREA IPM, IPA, H&S AND PRINCIPALS**

33. Plaintiffs restate and reallege all proceeding paragraphs as though fully set forth herein.

34. NREA, IPM, IPA, H&S and Principals' conduct in soliciting and administering investments from the Plaintiffs is a violation of Minnesota's Consumer Fraud Act, Minn. Stat. §§ 325F.68-.70.

35. NREA, IPM, IPA, H&S and Principals' offer of real estate investment services constitutes a sale of merchandise pursuant to the Minnesota Prevention of Consumer Fraud Act ("CFA").

36. NREA, IPM, IPA, H&S and Principal's conduct in offering real estate investment services related to Hotel 71 constitutes fraud, false pretense, false promise, misrepresentation, misleading statement or deceptive practice with the intent that others relied thereon in connection with the sale of any merchandise, whether or not any person has in fact been mislead, deceived, or damaged thereby.

37. Pursuant to MINN. STAT. § 8.31, subd. 3(a), Plaintiffs are entitled to recover, on behalf of the citizens of the State of Minnesota, for damages occasioned by NREA, IPM, IPA, H&S and Principals' violation of the CFA by unfair, discriminatory, and other unlawful practices in their business, commerce and/or trade.

38. As a result of NREA, IPM, IPA, H&S and Principals' fraudulent acts for which they are jointly and severally responsible, each Plaintiff has suffered damages reasonably believed to exceed $50,000.00, including actual damages, costs and disbursements, costs of an investigation and reasonable attorneys' fees.

**COUNT FIVE**
**AGAINST NREA AND ANY OTHERS THAT ARE IN THE WRONGFUL POSSESSION OF PLAINTIFFS' EARNEST MONIES**

39. Plaintiffs restate and reallege all proceeding paragraphs as though fully set forth herein.

40. NREA misappropriated the money provided to it by the Plaintiffs to be invested in Hotel 71.

41. NREA, and any other Defendants in wrongful possession of Plaintiffs' earnest money, is liable to the Plaintiffs for civil theft pursuant to Minn. Stat. §604.14.

42. As a direct and proximate result of the misappropriation committed by NREA, each Plaintiff has been damaged in an amount reasonably believed to exceed $50,000.00.

**COUNT SIX**
**AGAINST H&S, IPM, IPA AND PRINCIPALS**

43. Plaintiffs restate and reallege all proceeding paragraphs as though fully set forth herein.

44. Upon information and belief, at all relevant times, IPM and IPA were agents of H&S for the sale of the subdivided land (condominium units in Hotel 71) throughout the state of Minnesota.

45. H&S, IPM, IPA or Principals advertised the sale of subdivided land (the Hotel 71 condominium units) throughout the state of Minnesota, and specifically targeted the Plaintiffs and others.

46. H&S, IPM, IPA and Principals failed to register the offering as required by Minn. Stat. § 83.23.

47. H&S, IPM, IPA and Principals failed to deliver a public offering statement to each Plaintiff as required by Minn. Stat. § 83.24.

48. As a direct and proximate result, the Plaintiffs are entitled to cancellation of any purchase agreement together with a refund of any earnest monies provided together with costs and reasonable attorneys' fees.

**COUNT SEVEN**
**AGAINST H&S, IPM, IPA AND PRINCIPALS**

49. Plaintiffs restate and reallege all proceeding paragraphs as though fully set forth herein.

50. The Illinois Condominium Act (Chapter 765) applies to all condominiums in the state of Illinois, including the Hotel 71 condominiums.

51. In relation to the initial sale or offering for the sale of any condominium unit, the seller or the seller's agent must disclose and provide copies to the prospective buyer of the declaration, bylaws, projected operating budget, including full details concerning estimated monthly payments for the condominium unit, estimated monthly charges for maintenance or management of the condominium property and monthly charges for the use of recreational facilities, the floor plan of the apartment and a street address of the unit or, if the unit has no unique street address, the street address of the project.

52. H&S knew, or should have known, that IPM, IPA and Principals were acting as its agent within the state of Minnesota to sell the Hotel 71 condominium units to the Plaintiffs and other residents of the state of Minnesota.

53. Upon information and belief, H&S provided IPM, IPA and Principals with the proposed purchase agreement form and other documents relating to Hotel 71.

54. H&S has acknowledged that it possesses earnest money from some of the Plaintiffs (which earnest money, upon information and belief, is held by Chicago Title) and H&S, IPM, IPA and Principals failed to provide the necessary disclosures as required by the Illinois Condominium Property Act.

55. Because the required information was not provided, each Plaintiff is entitled to rescind and seek a full return from H&S, IPM, IPA and Principals of any earnest money provided, which each Plaintiff believes to be in excess of $50,000.00.

**COUNT EIGHT**
**ALL DEFENDANTS**

Plaintiffs restate and reallege all proceeding paragraphs as though fully set forth herein.

56. In the course of Defendants' business, and in connection with its provision of advice and sales of real estate and financial products and matters, Defendants represented that the goods and services provided in connection with such advice and sales had sponsorship, support, approval, characteristics, uses, benefits, and qualities that it did not have. These representations were false and misleading.

57. Defendants knew, or should have known, that their representations were false.

58. Defendants made false representations to Plaintiffs for the purpose of inducing the Plaintiffs to entrust money with Defendants and to purchase other advice and services.

59. Plaintiffs in fact relied on Defendants' representations and their decision to entrust money with Defendants and to purchase other advice and services. Plaintiffs would not have entrusted Defendants with money and purchased other advice and services but for these false representations.

60. As a direct result of Defendants' misrepresentations, the Plaintiffs have been damaged each Plaintiff has been damaged in an amount reasonably believed to exceed $50,000.00.

**COUNT NINE**
**ALL DEFENDANTS**

Plaintiffs restate and reallege all proceeding paragraphs as though fully set forth herein.

61. Defendants conspired to defraud Plaintiffs through the marketing, advertising, soliciting and sale of memberships in the AMP Plan Membership and the CLC and have inveigled an amount to be determined at trial from Plaintiffs.

62. As a direct and proximate result of the Defendants' conspiracy to defraud Plaintiffs, Plaintiffs are individually entitled to judgment against each Defendant, jointly and severally in an amount to be determined at trial reasonably believed to exceed $50,000.00.

**WHEREFORE**, Plaintiffs seek judgment against Defendants as follows:

1. Awarding to each individual Plaintiff an amount to be determined at Trial;

2. That NREA, IPM, IPA, Principals and H&S be required to account and that an accounting be taken of all monies received by them from the Plaintiffs for investment in Hotel 71 and that each Defendant have an award against the Defendants for each sum found to be due to them;

3. Ordering IPM, IPA, H&S, the Principals and NREA to cease and desist use of deceptive trade practices;

4. Awarding Plaintiffs their costs, disbursements, costs of investigation, and attorneys' fees incurred herein as and for its effort on behalf of others similarly situated and the citizens of the State of Minnesota as provided under Minnesota law; and

5. For such other and further relief as the Court deems just and equitable.

Dated: 8/10/06

SEVERSON, SHELDON, DOUGHERTY & MOLENDA, P.A.

By: [signature]

Robert B. Bauer, I.D. 227365
Kristine K. Nogosek, I.D. 304803
Thomas R. Donely, I.D. 349938
7300 West 147th Street, Suite 600
Apple Valley, Minnesota 55124
(952) 432-3136

**ACKNOWLEDGMENT**

The party above-named represented by the undersigned, hereby acknowledges that sanctions may be imposed pursuant to MINN. STAT. §549.211.

[signature]
Thomas R. Donely