UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

REPORT AND RECOMMENDATION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

James Kinney; Kathleen Kinney; David Sternal; Natalie Sternal; James Wesley Hagen; Elizabeth Montgomery; Jack and Theresa Hennen; Troy Schmitz; Bonnie Schmitz; David Smith; David Harten; Sharon Harten; Phyllis Huber; Sonia Liedman; Mark Yost; Tom Mauren; Jan Emter; Roger Rymer; Nancy Alfredson Rymer; Daniel Denno; Tyrone Kindle; Mark Spotelli; Robert Denzer; Scott Hadden; Jason Larson; Vickie Sober; Alan and Michelle Stano; David Lord; Gary Schebo; Michelle King; and Sean Nelson,

         Plaintiffs,

 vs.

National Real Estate Assignments, LLC, a Minnesota limited liability company; Progressive Home Services, Inc., a Minnesota corporation d/b/a IPM Realty; Investment Properties of America, Inc., a Minnesota corporation; Joseph A.

Cole; Jim W. Abbott; Geoffrey
Thompson; Nancy Thompson;
and Chicago H&S Hotel Property,
LLC, a Delaware limited liability
company,

           Defendants. Civ. No. 06-3684 (RHK/RLE)

   * * * * * * * * * * * * * * * * * * *

  This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. § 636(b)(1)(B), and upon the routine supervision of cases in this District.

  On September 11, 2006, the Defendants Geoffrey and Nancy Thompson filed a Notice of Removal with the Clerk of Court, upon the assertion that Federal Court Jurisdiction is present under Title 28 U.S.C. §1332(a)(1).  See, <u>Docket No. 1</u>, at ¶4. On September 15, 2006, they subsequently filed a Notice to withdraw their previously filed Notice of Removal.  See, <u>Docket No. 3</u>.  While the basis for the Defendant Thompsons' second filing is unclear, we construe their submission as a request for a remand of this action to the State Court from whence it came.

  In relevant part, Title 28 U.S.C. §1441(a), which governs the removal of State Court matters to Federal Court, provides as follows:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

Following removal, a case will be remanded to State Court "'[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction * * * *.'" Lundeen v. Canadian Pacific Railway Co., 342 F. Supp.2d 826, 828 (D. Minn. 2004), quoting Title 28 U.S.C. §1447(c). "In reviewing a Motion to Remand, the District Court must resolve all doubts in favor of a remand to State Court, and the party opposing a remand bears the burden of establishing Federal jurisdiction." Peterson v. BASF Corporation, 12 F. Supp.2d 964, 968 (D. Minn. 1998), citing In re Business Men's Assurance Co. of America, 992 F.2d 181, 183 (8th Cir. 1993); Masepohl v. American Tobacco Co., 974 F. Supp. 1245, 1249 (D. Minn. 1997).

Based upon the relevant pleadings, there does not appear to be any dispute that complete diversity of citizenship is lacking, between each of the Plaintiffs, and the Defendants. For purposes of establishing Federal jurisdiction, diversity of citizenship exists only "where no defendants hold citizenship in a state where any plaintiff holds citizenship." Capitol Indemnity Corp. Inc. v. Russellville Steel Co., Inc., 367 F.3d

831, 835 (8th Cir. 2004), citing Owen Equipment & Erection v. Kroger, 437 U.S. 365, 373 (1978). Here, it clearly appears from the Complaint, that some of the Plaintiffs, as well as some of the named Defendants, reside, or are domiciled, in the same State, namely Minnesota. See, Complaint, at ¶¶1-8.

Therefore, complete diversity of citizenship, which is required under Section 1332(a)(1), does not exist in this case. Id. ("Diversity jurisdiction exists where the amount in controversy is greater than $75,000 and where there is a complete diversity of citizenship."), citing Title 28 U.S.C. §1332(a). Moreover, as the Defendants Geoffrey and Nancy Thomson reside in Minnesota, see, Complaint, at ¶4, they are barred by Section 1441(b) from removing a State court action to this Court as Defendants. See, Title 28 U.S.C. §1441(b)("Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought"); see also, Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996); Motion Control Corp. v. SICK, Inc., 354 F.3d 702, 705 (8th Cir. 2003); Hurt v. Dow Chem. Co., 963 F.2d 1142, 1145 (8th Cir. 1992).

Accordingly, we find it unequivocal, on the basis of the face of the Notice of Removal and its appended papers, that this action is not properly removable from the

State Courts, and therefore, the action must be summarily remanded to the Minnesota District Court for the Fourth Judicial District, in Hennepin County, Minnesota.[1]

NOW, THEREFORE, It is --

RECOMMENDED:

That this matter be summarily remanded to the Minnesota District Court for the Fourth Judicial District, in Hennepin County, Minnesota.

Dated:  September 27, 2006                         *s/Raymond L. Erickson*

                                                                   Raymond L. Erickson
                                                                   CHIEF U.S. MAGISTRATE JUDGE

**NOTICE**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.2, any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than October 16, 2006**, a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this

---

[1] We limit our discussion to a defect in removal that is both facial, and fatal, and we do not suggest, let alone hold, that the removal would otherwise be appropriate.

procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than October 16, 2006** unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.